(28 Misc. Rep. 553.)

## CAMPBELL et al. v. TAPPEN.

(Supreme Court, Appellate Term. July 26, 1899.)

1. APPEAL—QUESTION OF FACT—DISCHARGE OF EMPLOYE.

Where an employer, on being told by his employé that he was going to quit at the end of his term of service, told him, "You can go now," and the evidence as to the whole of the conversation and the subsequent acts of the parties is conflicting, the finding of the trial court that these words amounted to a discharge will not be interfered with.

2. CONTRACTS—PLEADING—DAMAGES.

A money recovery for breach of a contract is limited to damages for the breach set forth in the pleadings.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Jasper A. Campbell and others against George H. Tappen. From a judgment for defendant, plaintiffs appeal. Modified and affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Platzek & Stroock, for appellants.
Henry Brill, for respondent.

MacLEAN, J. During the year 1898 the defendant was employed by the plaintiffs, who were partners, as salesman, under an agreement for the calendar year, by which he was to receive 3 per cent. on sales to persons whom he called upon, with a guaranty that his compensation would be $1,000. On December 5th there had been and was talk between them about an arrangement for the ensuing twelvemonth. "On the 6th," says the defendant, "I walked in,

and told them that I would resign, to take place on the 1st of the year 1899, and fulfilling my contract. I told that to Mr. Metzer, who called Mr. Campbell in, and he said, 'Mr. Tappen, repeat your remark to Mr. Campbell', and I did so. I repeated to Mr. Campbell that I would resign, to take place the 1st of January, and Mr. Campbell said it had better take place now. I says, 'I shall fulfill my contract.' He says, 'You can go now.' The conversation ended right there, and I walked out of the office." This would look like a separation upon a mutual understanding to sever relations there and then. It looks more so upon considering the testimony of the other side. The two partners say this was not all of the interview; that the defendant replied to the words, "You can go now," with, "As you wish," or, "As you please." This he denies. They also testify—and it is nowhere gainsaid, although he testifies in rebuttal—that the defendant further said he believed there was some commission due him; that he was told the balance was due the firm, and he returned, "If there is, I will pay it;" and that the defendant, upon being asked to write out what he wanted, went out of the counting room, and wrote out a request (put in evidence) for a complete statement of all the goods sold by him or through the firm to parties waited upon by him as salesman "from January 1, 1898, to December 6, 1898," and with that said good-bye to the men outside, and went away, without saying to either of the partners that he was going away. Both agree that no mention was made of the contract. The defendant also says that he went to his new employers, and asked if they could give him anything to do until the beginning of the year. They said they had nothing, and that he looked through advertisements, but could not find any work. It would appear that his future employers, one or more of whom were also to come from the plaintiffs' employment, were not then yet in business. The account, when made up, showed that the sales had not amounted to sufficient to bring the commissions up to the guarantied amount, which, when allowed as of December 6th, left him indebted to the firm by reason of advances to the amount of $53.75. It was transmitted to him in January with a request for a remittance as promised. No attention being paid to it, this action was commenced in the end of March. In one part of his answer the defendant admitted an indebtedness for advances of $50, and another of $60.10. He set up by way of counterclaim that while carrying out his contract of employment the plaintiffs wrongfully and unlawfully discharged him from their employment, and refused to permit him to carry out his agreement, and for that reason he had "suffered damages in the amount of the unpaid salary due under said agreement to January 1, 1899." Upon the trial, the defendant having conceded the indebtedness to the plaintiffs of $53.75, as claimed by them, and having assumed the affirmative, the testimony stated above was elicited. The trial justice found in favor of the defendant; and as the words, "You can go now," despite the construction apparently put upon them by the conduct of the parties during three months, are capable of being construed into a command to go as well as to an assent to an offer to depart, the determination of the learned trial justice that the defendant was in fact discharged may not be inter-

fered with under the practice of this tribunal, but, inasmuch as the judgment contained an allowance of $12 for some arrearages prior to December 6th, which could not be recovered herein under the pleading of the defendant (Tullis v. Hassell, 54 N. Y. Super. Ct. 391, 393), the judgment should be modified by being reduced that amount to $28.62, and, as so modified, affirmed, without costs.

Judgment reduced to $28.62, and, as so modified, affirmed, without costs. All concur.